IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

CASE NO. _____

**WILSON JEAN FRANCOIS,**            (Formerly Orange County Circuit Court Case No. 2022-CA-010288-O)

    Plaintiff,

vs.

**AMERICAN SECURITY INSURANCE COMPANY,**

    Defendant.

_____/

### DEFENDANT AMERICAN SECURITY INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant American Security Insurance Company ("American Security"), through its undersigned attorneys, and pursuant to 28 U.S.C. §§ 1446 and 1332, hereby files this Notice of Removal and thereby removes to the United States District Court an action which is pending in the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida. The facts and legal authority supporting this Notice of Removal are as follows:

    A.    **BACKGROUND & CONDITIONS OF REMOVAL**

1.    On November 14, 2022, Wilson Jean Francois ("Plaintiff") filed this civil action against American Security in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida. Plaintiff has asserted a cause of action against American Security for, among other things, alleged breach of contract. Plaintiff did not effectuate service of process on American Security until November 28, 2022.

2.    Plaintiff alleges he is a resident of the State of Florida and that he owns the property located 4814 Indialantic Drive, Orlando, FL 32808 (the "Property"), which is the subject matter of this lawsuit. *See* Compl. ¶ 4. Public Records obtained from the Orange County

Property Appraiser's Website reflects that Plaintiff has owned the Property since at least 2014 and has claimed a homestead exemption for the Property. *See* printout from Orange County Property Appraiser Website attached hereto as **Exhibit A.** Accordingly, Plaintiff is a citizen of Florida for diversity jurisdiction purposes.

3. American Security is a Delaware corporation with its principal place of business located at 260 Interstate North Cir., SE, Atlanta, Georgia, 30339. *See* printout from Florida Department of State, Division of Corporations' website, a true and correct copy of which is attached hereto as **Exhibit B**; *see also Licari v. American Sec. Ins. Co.*, Case No. 8:12–cv–2853–T–33EAJ, 2013 WL 268688 (M.D. Fla. Jan. 24, 2013) (finding American Security's principal place of business as Georgia).

4. Venue is proper in the United States District Court for the Middle District of Florida because the case is being removed from the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida.

5. Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of any of American Security's rights to assert any defenses or affirmative claims, including a counterclaim.

6. This Notice of Removal is being timely served and filed within the time allotted under 28 U.S.C. § 1446(b).

7. This action is not a non-removable action as described under 28 U.S.C. § 1445.

8. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of all process and pleadings served as of this date is attached hereto as **Composite Exhibit C.**

9. In accordance with 28 U.S.C. § 1446(d), contemporaneously with the filing of this Notice of Removal, American Security has served Plaintiff with a copy of this Notice of Removal and has filed a Notice of Filing of Notice of Removal with the Clerk of the Court for

Orange County, Florida. A copy of the Notice of Filing Notice of Removal (without attachments) is attached hereto as **Exhibit D.**

### B. THE COMPLAINT

10. Plaintiff has sued American Security for damages allegedly caused to the Property as a result of a water damage loss. *See* **Composite Exhibit C.**

11. Plaintiff has provided American Security with a Sworn Statement in Proof of Loss prepared for Plaintiff's benefit and purportedly sworn to by Plaintiff for the subject claim, which totals $82,930.78 (the "Sworn Statement in Proof of Loss"). A true and correct copy of the Sworn Statement in Proof of Loss is attached as **Exhibit E**; *see also Baltazar v. Balboa Ins. Co.*, No. 8:10-cv-2932-T-33MAP, 2011 WL 2020218, *2 (M.D. Fla. May 24, 2011) (Covington, J.) (amount in controversy met in insurance case where expert estimated costs to repair the property in excess of $75,000). Plaintiff additionally seeks to recover amounts for attorney's fees pursuant to Fla. Stat. § 627.428, costs, and prejudgment interest. The jurisdictional amount in controversy of $75,000 is therefore met.[1]

### C. LEGAL STANDARD

12. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a state court of which the district court of the United States have original jurisdiction, may be removed by the defendants, to the district court of the United States….where such action is pending."

13. Pursuant to 28 U.S.C. § 1332, the district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—

(1) citizens of different States;

---

[1] Contemporaneously with the filing of the Complaint, Plaintiff also made a settlement demand for this case in excess of $100,000. The estimate purportedly relied on by Plaintiff was not produced but Plaintiff's demand alleged "necessary tear out costs in the amount of $104,264.45 less the applicable deductible."

**(2)** citizens of a State and citizens or subjects of a foreign state;

**(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and

**(4)** a foreign state, defined in section 1603 (a) of this title, as Plaintiff and citizens of a State or of different States.

14. This Court has original jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff (who is a citizen of Florida) and Defendant (American Security is a citizen of both Georgia and Delaware), and the amount in controversy is in excess of $75,000.

### D.   CONCLUSION

15. As complete diversity and the jurisdictional amount have been met, this action is removable pursuant to 28 U.S.C. § 1332.

**WHEREFORE**, Defendant American Security Insurance Company respectfully requests that the aforesaid action now pending in the Circuit Court of the Ninth Judicial Circuit be removed to this Honorable Court.

Respectfully Submitted,

*/s/ Brian H. Koch*
**HOLLAND & KNIGHT LLP**
**Brian H. Koch** (Fla. Bar No. 637335)
brian.koch@hklaw.com
515 East Las Olas Boulevard, Suite 1200
Fort Lauderdale, Florida 33301
Tel:  954.525.1000
Fax: 954.463.2030

**HOLLAND & KNIGHT LLP**
**Amber N. Massey, Esq.** (Fla. Bar No. 1017903)
(amber.massey@hklaw.com)
701 Brickell Avenue, Suite 3300
Miami, FL 33131
Telephone: 305.374.8500
Facsimile: 305.789.7799

*Counsel for American Security Insurance Company*

5

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing was emailed on December 20, 2022 to Alexis Altman, Esq.

*s/ Brian H. Koch*
BRIAN H. KOCH